RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0150p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 19-5281

MARTY LANDON SMITH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 6:06-cr-00021-1—Danny C. Reeves, District Judge.

Decided and Filed: May 15, 2020

Before: ROGERS, WHITE, and STRANCH, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Charles P. Wisdom Jr., John Patrick Grant, UNITED STATES ATTORNEY'S
OFFICE, Lexington, Kentucky, for Appellee. Marty Landon Smith, Rochester, Minnesota, pro
se.

_____

**ORDER**

_____

Marty Landon Smith, a pro se federal prisoner, appeals the district court's order denying
his motion for a sentence reduction filed under the First Step Act of 2018. This case has been
referred to a panel of the court that, upon examination, unanimously agrees that oral argument is
not needed. *See* Fed. R. App. P. 34(a).

In 2006, Smith pleaded guilty to conspiracy to distribute more than 50 grams of crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 845, 851.  Because he had a prior felony drug conviction, he faced a mandatory-minimum sentence of 20 years of imprisonment, even though his advisory sentencing range under the United States Sentencing Guidelines would otherwise have been 168 to 210 months.  The district court sentenced him to the mandatory minimum: 240 months of imprisonment plus ten years of supervised release.

In 2018, Smith filed a letter with the district court asking for counsel to be appointed to review whether the First Step Act applied to his sentence.  The First Step Act empowers district courts to reduce a prisoner's sentence by applying the Fair Sentencing Act of 2010 retroactively, *see* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222, which the Fair Sentencing Act did not itself do, *see Dorsey v. United States*, 567 U.S. 260, 281 (2012).  The Fair Sentencing Act amended 21 U.S.C. § 841 by increasing the amount of crack cocaine required to trigger mandatory-minimum sentences.  *See id.* at 268-70.  Before its passage, a drug-distribution conviction involving more than 50 grams of crack cocaine carried a 10-year minimum sentence, which was increased to a 20-year minimum if the defendant had a prior felony drug conviction.  21 U.S.C. § 841(b)(1)(A)(iii) (2010).  The Fair Sentencing Act increased the threshold to trigger those mandatory minimums to 280 grams, 21 U.S.C. § 841(b)(1)(A)(iii); a conviction like Smith's, involving 50 grams, thereafter carried corresponding 5- and 10-year minimums, 21 U.S.C. § 841(b)(1)(B)(iii).

The district court construed Smith's letter as a motion seeking a sentence reduction under 18 U.S.C. § 3582(c).  The court determined that Smith was eligible for a reduction under § 3582(c) and the First Step Act, but declined to grant one.  *United States v. Smith*, No. CR 6:06-021-DCR-1, 2019 WL 1028000 (E.D. Ky. Mar. 4, 2019).  Smith now appeals.

We have jurisdiction over Smith's appeal under 28 U.S.C. § 1291.  *See United States v. Marshall*, 954 F.3d 823, 829 (6th Cir. 2020); *United States v. Foreman*, No. 19-1827, --- F.3d ---, 2020 WL 2204261, at *8 (6th Cir. May 7, 2020).

We review the denial of a motion for a sentence reduction under the First Step Act and § 3582(c) for an abuse of discretion.  *See United States v. Woods*, 949 F.3d 934, 937–38 (6th Cir.

2020); *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Moore*, 582 F.3d at 644 (quoting *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005)). A district court's decision should be vacated only if we are "firmly convinced that a mistake has been made." *Id.* (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 358 (6th Cir. 2005)).

The district court held that Smith was eligible for a sentence reduction under the First Step Act. The district court acknowledged that under the current sentencing regime, Smith's guideline range after applying the retroactive guidelines amendments would be 77 to 96 months of imprisonment and he would be subject to a 10-year mandatory-minimum sentence. *Smith*, 2019 WL 1028000, at *3. However, the district court denied Smith's motion for a reduction, concluding that his original 20-year sentence remained appropriate.

The First Step Act, § 404(b), 132 Stat. at 5222, and § 3582(c)(1)(B) give courts discretion to decide whether a prisoner who is eligible for a sentence reduction merits one, and the government agrees that we should review the decision regarding whether a reduction was warranted for an abuse of discretion. The district court must consider the factors in § 3553(a), which requires that a sentence be "not greater than necessary." The relevant guideline range in this case, both before and after the First Step Act, was the statutorily required minimum sentence that exceeded what was otherwise the relevant guideline range. *See* U.S.S.G § 5G1.1(b). While the original sentence was at the guideline range by virtue of the then-applicable statutory minimum, Smith's sentence after the First Step Act is twice the guideline range—a range set by Congress rather than the Sentencing Commission.

As we explained in the Government's appeal of a far-below-guideline sentence in *United States v. Bistline*, 665 F.3d 758 (6th Cir. 2012), the sentencing guidelines "'should be the starting point and the initial benchmark' for choosing a defendant's sentence" even though they are now only advisory. *Id.* at 761 (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). If the district court decides to impose or refuse to reduce a sentence outside the applicable guideline range, "the court must 'ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more

significant justification than a minor one.'" *Id.* (quoting *Gall*, 552 U.S. at 50).  The variance in this case is certainly a major one.  It is twice the maximum of the guideline range set by the statute, and two-and-a-half times what the guideline would otherwise be without the statutory minimum.

Moreover, the fact that Congress was the actor that reduced Smith's guideline range through the passage of the First Step Act, rather than the Sentencing Commission, if anything increases rather than decreases the need to justify disagreement with the guideline.  Again, as we said in *Bistline*, "a district court cannot reasonably reject § 2G2.2—or any other guidelines provision—merely on the ground that Congress exercised, rather than delegated, its power to set the policies reflected therein.  That is not to say that a district court must *agree* with a guideline in which Congress has played a direct role.  It is only to say that the fact of Congress's role in amending a guideline is not itself a valid reason to disagree with the guideline." *Id.* at 762.  The fact that Congress was the actor that lowered the mandatory minimum here and thereby lowered the relevant guideline range puts that amended guideline on "stronger ground." *See id.* at 764. When "a guideline comes bristling with Congress's own empirical and value judgments—or even just value judgments—the district court that seeks to disagree with the guideline on policy grounds faces a considerably more formidable task than the district court did in [*Kimbrough v. United States*, 552 U.S. 85 (2007)]." *Id.*

The district court's explanation for denying Smith's motion for a reduction does not adequately explain why Smith should not receive at least some sentence reduction.  After reciting Smith's criminal conduct that resulted in his 2006 conviction, the district court recalled that it had examined the § 3553(a)(2) sentencing factors and had explained why a sentence of 20 years' imprisonment was appropriate during Smith's original sentencing in March 2007. Beyond relying on the court's analysis at the original sentencing hearing, the court briefly discussed the nature and circumstances of Smith's offense and the need to protect the public— two of the § 3553(a) factors.  The court pointed to the scale and harm of Smith's criminal conduct and determined that Smith has a high risk for recidivism based on statistical information of people who, like Smith, have a significant criminal history.  However, these considerations are accounted for within the guidelines calculation and therefore do not provide sufficient

justification for maintaining a sentence that is twice the maximum of the guideline range set by Congress. *See* 28 U.S.C. § 991(b); *Rita v. United States*, 551 U.S. 338, 348–49 (2007). This is especially true when the district court previously found the at-guideline range sentence to be appropriate.

Ultimately, the district court failed to provide a sufficiently compelling justification for maintaining a sentence that is now twice the guideline range set by Congress. We are confident on remand that the district court can determine whether, in its discretion, a sentence less than 20 years is appropriate after considering the § 3553(a) factors with reference to the purposes of the First Step Act and Fair Sentencing Act.

Accordingly, we **VACATE** the district court's order and **REMAND** the case to the district court for further proceedings.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk