**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0377n.06

Case Nos. 19-1675/1676

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jun 25, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ALEJANDRO SERRANO DOMENECH | ) | MICHIGAN |
| (19-1675); WILLIAM SERRANO | ) | |
| DOMENECH (19-1676), | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

BEFORE: CLAY, COOK, and WHITE, Circuit Judges.

COOK, Circuit Judge. Brothers Alejandro and William Domenech appeal the district court's denials of their motions for sentence reductions under the First Step Act of 2018. They argue that the First Step Act required the district court to conduct plenary resentencing hearings and that the district court abused its discretion in denying relief under that Act.

**I.**

In 2007, a jury convicted Alejandro and William Domenech of various drug and firearms offenses, including crack cocaine trafficking. The district court imposed sentences for each brother within the ranges set by the United States Sentencing Guidelines as they existed at that time.

In 2018, Congress enacted the First Step Act, allowing retroactive application of the Fair Sentencing Act of 2010, which reduced the sentencing disparity between crack cocaine and

powder cocaine offenses, thereby lowering the Guidelines ranges for many defendants. *See United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019). Under the First Step Act, a defendant sentenced for committing a "covered offense" may move the district court to "impose a reduced sentence . . . ." Pub. L. 115-391, 132 Stat. 5194, § 404(b). That a defendant "is eligible for resentencing[,]" however, "does not mean he is entitled to it." *Beamus*, 943 F.3d at 792. Instead, Congress committed that decision to "the district court's sound discretion." *Id.*; *see also* 132 Stat. 5194, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence . . . .").

The Domeneches, who all parties agree meet the First Step Act's eligibility requirements, each filed a motion for a plenary resentencing hearing and sentence reduction. The district court denied each request, leaving in place the brothers' existing sentences. This consolidated appeal followed.

## II.

The Domeneches raise two arguments challenging the procedure the district court employed in denying their motions.

First, they argue that the First Step Act requires district courts to conduct plenary resentencing hearings; the government disagrees. We recently settled this issue in *United States v. Alexander*, 951 F.3d 706 (6th Cir. 2019) (per curiam order). *See also United States v. Foreman*, 958 F.3d 506, 510–12 (6th Cir. 2020) (rejecting argument that Congress' use of the term "impose" in the First Step Act conveys plenary resentencing requirement). *Alexander*, which we designated for publication after briefing closed in this case, held that "a sentence reduction authorized by the First Step Act and § 3582(c)(1)(B) does not require a de novo resentencing hearing." *Alexander*, 951 F.3d at 708.

Second, the Domeneches generally challenge the district court's review of their motions, contending that the district court failed to consider all relevant information and imposed unreasonable sentences.

We review denials of First Step Act resentencing motions for an abuse of discretion. *United States v. Smith*, 959 F.3d 701, 702 (6th Cir. 2020). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Id.* (quoting *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009)).

Though the "precise contours" of review under the First Step Act continue to "differ and evolve," *Foreman*, 958 F.3d at 514, binding authority instructs that a district court's "necessary review—at a minimum—includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors." *United States v. Boulding*, No. 19-1706, --- F.3d ----, 2020 WL 2832110, at *8 (6th Cir. June 1, 2020). The court must "impose a sentence sufficient, but not greater than necessary," upon consideration of factors including the history and characteristics of the defendant, the need for the sentence imposed, and the Guidelines range, 18 U.S.C. § 3553(a), the latter of which should serve as "the starting point and the initial benchmark" for choosing a sentence, *Smith*, 959 F.3d at 703 (quoting *United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012)). Variation from a Guidelines range lowered by the First Step Act must be supported by "sufficiently compelling justification . . . ." *Smith*, 959 F.3d at 704. Precedent also requires that defendants have the opportunity to object to the resentencing decision and to have those objections considered by the resentencing court. *Boulding*, 2020 WL 2832110, at *8.

Though the First Step Act lowered the sentencing ranges for both brothers, the district court declined to grant any relief.

For William, the parties agree that his offense level decreases by two, producing an amended range of 120 to 150 months, well below the range in place at his original sentencing. The court acknowledged this reduced range but left in place William's original 174-month sentence. The court noted that it had previously denied William a sentence reduction, and found "no good reason . . . to change its decision simply because the First Step Act has given Defendant yet another avenue to challenge his sentence." (WSD Dist. R. 326 at 2585–86.) The court stated: "Defendant's sentence was—and is—warranted based on the totality of the circumstances, regardless of the effect that the then-applicable punishment for possessing over five grams of cocaine base had on his advisory Guideline range." (*Id*. at 2586.)

For Alejandro, the parties agree that his offense level decreases by three levels, producing an amended range of 262 to 327 months. Again, the court acknowledged this reduced range but left in place Alejandro's original 360-month sentence. The court noted that "Defendant's sentence was based on his lifetime of criminal activity, escalating in seriousness and culminating in the offenses of conviction, not on the single fact that he possessed more than 5 grams of cocaine base." (ASD Dist. R. 325 at 2581.) It deferred to its original finding that "Defendant's criminal history demonstrates that he is a dangerous man and strongly suggests the likelihood that he would, if released before lengthy confinement, offend again." (*Id*. (citing Sentencing Memorandum, ASD Dist. R. 182 at 1855–56).)

The district court failed to treat the brothers' reduced ranges as "the starting point and the initial benchmark" for its decision, *Smith*, 959 F.3d at 703 (citation omitted), and the court's analysis lacked "thorough *renewed* consideration of the § 3553(a) factors," *Boulding*, 2020 WL

2832110, at *8 (emphasis added). Instead, the court primarily relied on its analysis at the brothers' original sentencing hearings. Yes, the court considered "the scale and harm of [the brothers'] criminal conduct" and their "risk for recidivism," but, as we found in *Smith*, these considerations already "are accounted for within the guidelines calculation" and thus do not provide "sufficiently compelling justification" for leaving in place a sentence well above the amended Guidelines range. *Smith*, 959 F.3d at 704. Accordingly, the district court failed to engage in sufficient review of the brothers' motions and thereby abused its discretion.

## III.

We VACATE the district court's orders and REMAND for reconsideration of a sentence modification under the dictates of the First Step Act.