NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0227n.06

Case No. 20-5352

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 29, 2021
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KERRY LAMONT HOWARD,

Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

BEFORE: CLAY, SUTTON, and McKEAGUE, Circuit Judges.

CLAY, Circuit Judge. Defendant Kerry Lamont Howard appeals the district court's decision to resentence him to 262 months in prison for conspiring to distribute 12 grams of crack cocaine. On appeal, Howard argues that he was improperly resentenced in violation of the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). For the reasons set forth below, we remand Howard's case for resentencing.

## I.     BACKGROUND

### A. Factual and Procedural History

In 2006, Kerry Lamont Howard pled guilty to conspiring to distribute five or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(l). Because of his prior criminal history, and the amount of crack associated with his conviction, he faced a mandatory minimum sentence of 10 years. Specifically, his guideline range recommended that the district court sentence him to 262-327 months of incarceration. The district court sentenced him to 262 months of incarceration and 8 years of supervised release. Upon appeal, we affirmed his conviction. *United States v.*

*Howard*, 259 F. App'x 761 (6th Cir. 2008). Four years after his conviction, in 2010, Congress passed the Fair Sentencing Act, which reduced the cocaine to crack cocaine disparity in federal sentencing decisions. *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). In 2018, Congress passed the First Step Act (FSA), which made the sentencing revisions in the Fair Sentencing Act retroactive to defendants like Howard. *See* Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

On February 7, 2019, the district court *sua sponte* determined that Howard would not be eligible for a sentence reduction because he was a career offender. On appeal, the federal government conceded that the district court erred because we ruled in a separate case that the FSA "contain[ed] no freestanding exception for career offenders." *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019) (per curiam). We subsequently remanded the case to the district court to resentence Howard in accordance with the FSA. Three days after this court's ruling, the district court reimposed Howard's original sentence of 262 months, stating:

> In addition to the three convictions that led to his career offender status, the PSR reflects multiple other drug-related contacts with the law (PSR ¶s 39-43). It also reflects a limited employment history. Consequently, the Court concluded at the time of Howard's sentencing that if the earlier sentences of eight and ten years of imprisonment were not enough to convince Howard to get out of the drug-dealing business, a more substantial sentence of 262 months might. I see no reason to change my mind. (ECF No. 169 at PageID # 502.)

This appeal followed.

## II. DISCUSSION

### A. Resentencing under the First Step Act

#### 1. Standard of Review

We review "the denial of a motion for a sentence reduction under the First Step Act and § 3582(c) for an abuse of discretion." *United States v. Smith,* 959 F.3d 701, 702 (6th Cir. 2020) (order). "A district court abuses its discretion when it applies the incorrect legal standard,

2

misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Id.* (quoting *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009)). And we will only vacate the district court's decision if we are "firmly convinced that a mistake has been made." *Moore*, 582 F.3d at 644 (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 358 (6th Cir. 2005)).

## 2. Relevant Legal Principles

The Fair Sentencing Act, and the First Step Act's retroactive application of the Fair Sentencing Act, decreased the sentencing disparity between cocaine and crack cocaine offenses. Pub L. No. 111-220, 124 Stat. 2372 (2010). Upon passage, these acts of Congress increased the threshold quantities of crack cocaine necessary to trigger a higher penalty at a defendant's sentencing. *Id.* Prior to 2018, a defendant caught with 5 grams of crack cocaine faced penalties that the relevant statute now penalizes for possession of 28 grams. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Because the FSA made relief retroactive, defendants convicted of certain drug crimes are now eligible to apply for resentencing under the lowered guidelines. Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). At a defendant's resentencing, "the First Step Act contemplates a baseline of process that must include an accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors." *United States v. Boulding*, 960 F.3d 774, 784-85 (6th Cir. 2020). Accordingly, "the sentencing guidelines should be the starting point and the initial benchmark for choosing a defendant's sentence." *Smith,* 959 F.3d at 703(quoting *United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012)). A renewed consideration of the § 3553(a) factors requires sentences to be "[no] greater than necessary." *Id.* In its discretion, the district court may depart from the amended guidelines calculation, but must have a "sufficiently compelling justification" for an above-guidelines resentencing decision. *Boulding*, 960 F.3d at 783 (quoting *Smith,* 959 F.3d at 703-04).

### 3. Application to the Matter at Hand

In 2006, the federal government charged Howard with conspiring to distribute 12.24 grams of crack cocaine, which upon conviction, triggered a mandatory minimum sentence of 10 years and a guideline range of 262-327 months of incarceration. Howard pled guilty, and the district court sentenced him to 262 months of incarceration and 8 years of supervised release. Upon the FSA's passage in 2018, Howard became eligible for renewed consideration of his prior sentence. Had Howard been sentenced under the FSA's revised guideline range, he would have faced a sentence of 188-235 months and 6 years of supervised release. *See* U.S.S.G. § 4B1.1(b)(2); 21 U.S.C. § 841(b)(1)(C). Because Howard's original guidelines range was dictated by the statutory mandatory minimum sentence of life in prison, the FSA required a recalculation of an amended guidelines range. *See United States v. Maxwell*, 991 F.3d 685, 690 (6th Cir. 2021). Despite his lowered guideline range, the district court resentenced Howard to his original sentence of 262 months. In explaining its rationale, the district court cited Howard's lack of employment prior to incarceration and his status as a career offender, and stated that "I see no reason to change my mind." (ECF No. 169 at PageID # 502.)

Upon review, we find that the district court abused its discretion by not completing the "renewed consideration of the 18 U.S.C. § 3553(a) factors" required under the FSA. *Boulding*, 960 F.3d at 785. As an initial matter, the district court rejected a sentence reduction before Howard filed a motion. On top of that, the court never considered the new guidelines range. Still more, the district court did not evaluate any of the factors, apart from deterrence, that the FSA requires when imposing "a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). To be clear, the district court, in its discretion, may issue a sentence higher than the guideline range if it has a "sufficiently compelling justification." *Boulding*, 960 F.3d at 783-84 (quotation omitted).

But that justification requires "a baseline of process that must include an accurate amended guideline calculation." *Id.* at 785. Here, the district court failed to do so by reimposing Howard's original sentence after mentioning only his previous criminal history and lack of employment, after failing to recalculate his new guidelines range, and without waiting for a motion by Howard. Accordingly, we remand Howard's case for resentencing consistent with the First Step Act's requirements.

## B. Reassignment of Howard's Case

Pursuant to 28 U.S.C. § 2106, this court has the discretion to "order the reassignment of a case on remand" to a new district court judge. *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006). In weighing whether a case should be remanded to a new judge, we have acknowledged that reassignment "is an extraordinary power and should be rarely invoked." *Id.* (quoting *Sagan v. United States,* 342 F.3d 493, 501 (6th Cir. 2003)). To reflect that belief, "[r]eassignments [will be] made infrequently and with the greatest reluctance." *Id.* (quotation omitted). Our consideration includes "(1) whether the original judge would reasonably be expected to have substantial difficulty in putting out of his or her mind previously expressed views or findings; 2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.*

We have only ordered reassignment in exceptionally rare circumstances. As one example, where we felt compelled to do so, we reassigned a case after a district court judge "expressed her dislike of drugs and imposed the maximum sentence available under the applicable guideline range, stating, 'You just got the wrong judge.'" *United States v. Hagby*, 20 F. App'x 299, 300 (6th Cir. 2001) (order). In this case, Howard argues his situation is unique and requires us to reassign

5

his resentencing to a new district court judge. Specifically, he notes that the district court denied him relief under the FSA twice. In February 2019, the district court determined that he was ineligible because he was a career offender. And after we remanded his case for resentencing, the same district court judge resentenced Howard to 262 months of incarceration, a sentence significantly higher than his revised guideline range under the FSA. *See* U.S.S.G. § 4B1.1(b)(2); 21 U.S.C. § 841(b)(1)(C). In support of his argument, Howard cites *United States v. Hernandez*, 604 F.3d 48 (2d Cir. 2010), where the Second Circuit remanded a case after a judge "twice imposed a 405-month sentence without making the required findings or without providing the necessary assurance that all of the relevant factors have been considered." *Id.* at 56. That case, however, is distinguishable from Howard's. For one, *Hernandez* did not involve retroactive application of the Fair Sentencing Act. Second, the district court resentenced Howard in March 2020, a date prior to our most recent holdings establishing that courts consider the § 3553(a) factors at resentencing. *See Smith,* 959 F.3d at 703; *Boulding*, 960 F.3d at 785; *Maxwell*, 991 F.3d at 690. After our most recent decisions, we do not believe that the district court would have "substantial difficulty in putting out of [mind his] previously expressed views or findings." *Solomon,* 467 F.3d at 935 (quotation omitted). While we believe Howard must be sentenced in accordance with the FSA, his case does not reflect the factual scenario where the "extraordinary power [of reassignment] . . . rarely invoked" must be ordered to preserve the appearance of justice. *Id.* (quotation omitted).

### III.    CONCLUSION

For the foregoing reasons, we remand Howard's case for resentencing consistent with this opinion.