**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2057
_____

UNITED STATES OF AMERICA

v.

ALTON COLES, a/k/a Naseem Coles
                                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-05-cr-00440-001)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted under Third Circuit LAR 34.1(a)
November 20, 2014

Before:  MCKEE, Chief Judge, RENDELL and SLOVITER, Circuit Judges

(Filed: December 3, 2014)

## O P I N I O N*

**RENDELL**, <u>Circuit Judge</u>:

Alton Coles ("Coles") appeals the District Court's sentencing order. For the reasons set forth below, we will affirm.

## I. BACKGROUND

Because we write primarily for the benefit of the parties, we recite only the facts necessary to the disposition of this appeal. Coles was convicted of various crimes and sentenced to life imprisonment, plus multiple concurrent sentences, plus consecutive sentences totaling 55 years. In January 2014, this Court "affirm[ed] the judgments on all contested counts" for Coles and his two codefendants. *United States v. Coles* (*Coles I*), 558 F. App'x 173, 176 (3d Cir. 2014). However, the Court included a footnote explaining that, "[i]n accordance with *United States v. Diaz* [(*Diaz I*)], 592 F.3d 467 (3d Cir. 2010), and without opposition, we will vacate Coles's conviction on two counts." *Coles I*, 558 F. App'x at 176 n.1. *Diaz I* held that the Double Jeopardy clause of the Fifth Amendment prohibits multiple 18 U.S.C. § 924(c) convictions that are based on the same predicate offense, *Diaz I*, 592 F.3d at 475, and the parties agreed that this was the situation for Coles: counts 70 and 72 were based on the same predicate offense as count 68. Therefore, the Court "remand[ed] Coles's case to the District Court for the entry of an amended judgment in accordance with this opinion." *Coles I*, 558 F. App'x at 189.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Approximately two months passed between the time this Court remanded the case and the time the District Court entered its amended judgment. During the interim, Coles filed a lengthy motion to expand the record, arguing the District Court should resentence Coles because of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[1] In that motion, Coles did not present—or even allude to—any evidence of postsentencing rehabilitation.[2]

Thereafter, the District Court entered an amended judgment, which reinstated the life sentence and multiple concurrent sentences, but vacated counts 70 and 72 and the corresponding consecutive sentences totaling 55 years and instead imposed a 5-year consecutive sentence on the remaining § 924(c) count. After the entry of the amended judgment, Coles did not move for reconsideration based on his supposed postsentencing rehabilitation, nor did he otherwise present such evidence to the District Court.

## II. DISCUSSION

On appeal, Coles raises only a single issue: whether the District Court should have held a hearing in which Coles could have presented evidence of postsentencing rehabilitation before entry of the amended judgment. This Court has a "deferential abuse-of-discretion standard for reviewing sentencing appeals," *United States v. Grimes*, 739 F.3d 125, 131 (3d Cir. 2014), and exercises plenary review over issues of law, *Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004).

Coles' appeal fails because the District Court did not need to consider Coles' unknown evidence of postsentencing rehabilitation. In *Pepper v. United States*, the

---

[1] This argument is not pressed on appeal.
[2] Although this motion is not included in the appendix, "parts of the record may be relied on by the court . . . even though not included in the appendix." Fed. R. App. P. 30(a)(2).

Supreme Court held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation." 131 S. Ct. 1229, 1236 (2011). However, the key word is "*may*." *Id.* The Court explicitly did not hold that district courts "must" consider such evidence. *Id.* at 1249 n.17. Specifically, the Court caveated that it did not "mean to preclude courts of appeals from issuing limited remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding." *Id.*

Conceding that *Coles I* was a limited remand order, Coles instead argues that we should ignore this statement in *Pepper* as dicta. This argument is unconvincing. *See, e.g.*, *United States v. Diaz* (*Diaz II*), 639 F.3d 616, 623 n.3 (3d Cir. 2011) ("Importantly, we note, as the Supreme Court did in *Pepper*, that to the extent that a court remands for a limited resentencing proceeding, and not a *de novo* proceeding, limitations on the consideration of post-sentencing rehabilitation may continue to be appropriate.").

Neither the District Court nor this Court knows what evidence Coles would use to demonstrate his postsentencing rehabilitation. After the remand, Coles filed a motion arguing that the District Court should resentence him for a reason unrelated to the present appeal. Coles could have presented his postsentencing rehabilitation evidence therein. He did not. Likewise, after the entry of the amended judgment, Coles could have moved for reconsideration in light of his postsentencing rehabilitation. He did not. Accordingly,

4

the District Court did not abuse its discretion when it resentenced Coles without considering the postsentencing rehabilitation evidence that Coles never presented.[3]

## III. CONCLUSION

For the reasons set forth above, the District Court's order is affirmed.

---

[3] We do not consider new arguments raised in Coles' Reply Brief. *See United States v. Cruz*, 757 F.3d 372, 387-88 (3d Cir. 2014) ("[B]ecause Cruz raises this argument for the first time in the Reply Brief, we will not consider it. Instead, we will deem it, like the other arguments that were raised for the first time in the Reply Brief, to be waived.").

5