RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0163p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 19-5849

JAMEL T. SMITHERS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:06-cr-00037-1—Charles R. Simpson, III, District Judge.

Decided and Filed: May 26, 2020

Before: DAUGHTREY, GIBBONS, and MURPHY, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Frank W. Heft, Jr., Scott T. Wendelsdorf, FEDERAL PUBLIC DEFENDER,
Louisville, Kentucky, for Appellant. L. Jay Gilbert, UNITED STATES ATTORNEY'S
OFFICE, Louisville, Kentucky, for Appellee.

_____

## OPINION

_____

MURPHY, Circuit Judge. In the First Step Act of 2018, Congress gave district courts
discretion to modify some criminal sentences that have long been final. Jamel Smithers appeals
a district court's discretionary denial of his request that the court reduce his sentence under that
Act. Yet another federal criminal statute—18 U.S.C. § 3742(a)—identifies only four grounds on
which a defendant may seek appellate review of an "otherwise final sentence." *Id.* The
interrelationship of these laws raises many significant legal questions: Does § 3742(a) apply to

Smithers's appeal of the denial of a sentence reduction under the First Step Act?  If so, does his appeal fall within one of the statute's four authorized grounds?  If not, does he have another route to our review?  *Cf. United States v. Foreman*, __ F.3d __, 2020 WL 2204261, at *5–7 (6th Cir. May 7, 2020).

We can avoid these questions in this case.  Because § 3742(a) does not affect our subject-matter jurisdiction, the United States may forfeit the argument that § 3742(a) restricts our review by failing to raise that argument.  It failed to do so in this case.  Yet the district court did not abuse its discretion when denying Smithers's request for a reduced sentence.  So we affirm.

I

In 2006 Smithers pleaded guilty to two aiding-and-abetting counts: (1) possessing with intent to distribute a mixture or substance containing over 50 grams of crack cocaine and (2) possessing with intent to distribute a mixture or substance containing powder cocaine. Before Smithers pleaded guilty, the United States notified him that it would seek a mandatory term of life imprisonment on his first count because he had four prior "felony drug offenses." 21 U.S.C. §§ 841(b)(1)(A), 851 (2000).  As part of the plea deal, however, the United States withdrew its reliance on three of these convictions.  Smithers's remaining "felony drug offense" nevertheless triggered a mandatory-minimum sentence of 20 years (or 240 months).  *Id.* § 841(b)(1)(A).  Under the then-applicable Sentencing Guidelines, Smithers also qualified as a "career offender."  U.S.S.G. § 4B1.1(a) (2006).  With a total offense level of 34 and a criminal history score of VI, his guidelines range fell between 262 and 327 months.  The district court imposed a 262-month sentence, to be followed by a ten-year term of supervised release.

Two noteworthy legal developments have happened since Smithers's case closed. In 2010 Congress passed the Fair Sentencing Act.  This Act increased the quantity of crack cocaine necessary to trigger Smithers's 20-year mandatory minimum from 50 grams to 280 grams.  *See* Fair Sentencing Act of 2010, § 2(a)(1), Pub. L. No. 111-220, 124 Stat. 2372, 2372. Because Smithers had pleaded guilty to possessing 50 grams, his mandatory-minimum sentence would have dropped from 20 years to 10 years if he had been sentenced under the Fair Sentencing Act.  *See id.* § 2(a)(2); 21 U.S.C. § 841(b)(1)(B) (2012).  Yet the Fair Sentencing Act

did not apply retroactively to cases that had become final before Congress passed it.  *See United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (en banc).  So this Act did not benefit Smithers.

Later, however, Congress made the Fair Sentencing Act retroactive in the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  The First Step Act notes that a district court "may" "impose a reduced sentence" on a defendant convicted of an offense that would have been affected by the Fair Sentencing Act had it applied at the time of the defendant's crime.  *Id.* § 404(b).  The First Step Act's use of the word "may" shows that it gives district courts discretion over whether to reduce this type of sentence.  The Act's other language confirms this discretion: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id.* § 404(c); *see United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (per curiam).

In 2019, relying on the First Step Act, Smithers moved for a reduced sentence.  While a court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), there are a few exceptions to this rule.  As relevant here, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  *Id.* § 3582(c)(1)(B).  Because the First Step Act now permits sentence modifications, the district court ordered the probation office to file a memorandum of recalculation in Smithers's case.  The probation office found that Smithers did not qualify for relief under the Act.  His status as a career offender under the Sentencing Guidelines, the probation office reasoned, kept his guidelines range the same even after the reduction in his mandatory-minimum sentence under the Fair Sentencing Act.  In response, Smithers disagreed that his career-offender status rendered him ineligible for First Step Act relief and requested a plenary resentencing hearing.

The district court denied relief.  It agreed that Smithers was "eligible for consideration of a reduced sentence under 18 U.S.C. § 3582(c)(1)(B)."  But the court held that Smithers did not warrant that discretionary relief.  It noted that, even after the Fair Sentencing Act reduced Smithers's mandatory-minimum sentence under 21 U.S.C. § 841(b)(1), his guidelines range remained the same due to his career-offender status.  And the court saw no reason to reduce its

earlier 262-month sentence because Smithers had "multiple drug related convictions" and a "probation violation" and had "earned 15 criminal history points before the career offender enhancement." The court thus found that "the sentence originally imposed remain[ed] sufficient and not greater than necessary to promote respect for the law, provide just punishment, protect the public from further crimes of the defendant, and afford adequate deterrence." The court lastly denied Smithers's request for a full resentencing hearing.

Smithers now appeals.

II

While neither party raised jurisdictional concerns with this appeal, we have an independent duty to ensure that we have appellate jurisdiction. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The general appellate-jurisdiction statute gives circuit courts jurisdiction over "all final decisions" of the district courts. 28 U.S.C. § 1291. A criminal case becomes "final" when a defendant has been convicted and the court has imposed a sentence. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). "[M]ost post-judgment orders" will likewise be final so long as the district court has completely disposed of the post-judgment matter at issue. *United States v. One 1985 Chevrolet Corvette*, 914 F.2d 804, 807 (6th Cir. 1990); *cf. JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1106 (6th Cir. 2019). Traditionally, for example, many courts treated a district court's post-judgment order resolving a defendant's motion for a reduced sentence as final and appealable under § 1291. *See United States v. U.S. Dist. Ct. for the N. Dist. of Ohio*, 645 F.2d 7, 8 (6th Cir. 1981) (order); *see also United States v. Lowery*, 726 F.2d 474, 476 (9th Cir. 1983); *United States v. Prescon Corp.*, 695 F.2d 1236, 1241–42 (10th Cir. 1982); *United States v. DeMier*, 671 F.2d 1200, 1204 (8th Cir. 1982); *but cf. United States v. Spilotro*, 884 F.2d 1003, 1006 (7th Cir. 1989). Under these usual rules, the district court's post-judgment order denying Smithers relief bears all the hallmarks of a final decision. The court conclusively resolved Smithers's post-judgment request for a sentence reduction under § 3582(c)(1)(B), and it had nothing more to do on the matter.

But a complication exists. Since the Sentencing Reform Act of 1984, a specific statute on criminal sentences has permitted a defendant to file a notice of appeal "for review of an

otherwise final sentence" only in four circumstances. *See* 18 U.S.C. § 3742(a). A defendant may, among other things, assert on appeal that a sentence was imposed "in violation of law" or "as a result of an incorrect application of the sentencing guidelines." *Id.* § 3742(a)(1)–(2). We have suggested that § 3742(a) lists the *exclusive* grounds on which a criminal defendant may challenge a sentence on appeal. *See United States v. Bowers*, 615 F.3d 715, 719 (6th Cir. 2010).

We have also indicated that § 3742(a)'s limits apply not just to garden-variety appeals of a sentence, but also to some post-judgment requests to modify the sentence. Section 3742(a) applies, for example, when a district court resolves a motion to modify a sentence under Federal Rule of Criminal Procedure 35(b). *See United States v. Moran*, 325 F.3d 790, 792–93 (6th Cir. 2003). And it applies when a district court denies a motion to reduce a sentence filed under 18 U.S.C. § 3582(c)(2) based on a change in the Sentencing Guidelines. *See Bowers*, 615 F.3d at 720–22.

Our cases have not exhaustively addressed whether and to what extent § 3742(a) applies to, or restricts the review of, First Step Act appeals. We recently held that § 3742(a)(1)—which permits review of a sentence "imposed in violation of law"—allows us to review for reasonableness a new sentence that the district court imposes after it *grants* a reduction under the First Step Act. *See United States v. Foreman*, __ F.3d __, 2020 WL 2204261, at *5–7 (6th Cir. May 7, 2020). Unlike Smithers's appeal, however, *Foreman* did "not address the standard of review that would apply to a district court's *denial* of a First Step Act motion." *Id.* at *7 n.3. Does § 3742(a)'s text draw any distinctions between the complete denial of a sentence reduction and the grant of a reduction that a defendant alleges should have been lower? *Cf. United States v. Marty Smith*, __ F.3d __, 2020 WL 2503261, at *1–2 (6th Cir. May 15, 2020) (order); *United States v. Marshall*, 954 F.3d 823, 830–31 (6th Cir. 2020); *United States v. Butler*, __ F. App'x __, 2020 WL 1074722, at *2 (6th Cir. Mar. 6, 2020).

Whether we need to answer this question depends on the nature of § 3742(a). Is it a rule of subject-matter jurisdiction that restricts our otherwise broad jurisdiction over final district-court decisions under § 1291? Or is it a non-jurisdictional limit on our authority to reach the merits of certain types of claims? *See Marshall*, 954 F.3d at 829. We have previously used "jurisdictional" language when describing § 3742(a)'s limits on sentencing appeals. *Bowers*,

615 F.3d at 728; *Moran*, 325 F.3d at 794; *see Butler*, 2020 WL 1074722, at *2. Most recently, however, we held that § 3742(a) establishes a non-jurisdictional rule governing the relief that appellate courts may grant. *See Marshall*, 954 F.3d at 825–29. We reached that result because of the Supreme Court's more recent (and repeated) teachings that most statutory limits do not affect subject-matter jurisdiction and that a statutory limit will qualify as jurisdictional only if Congress clearly says so. *See id.* at 826–28 (citing, among others, *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849–50 (2019); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510–13 (2006)). Section 3742(a) thus sets forth a non-jurisdictional limit on our review authority, not a jurisdictional exception to our otherwise broad appellate jurisdiction under § 1291.

Most of the time this distinction between non-jurisdictional and jurisdictional limits will not matter. Courts generally must enforce a mandatory claims-processing rule just as much as a jurisdictional restriction whenever a party properly invokes the rule. *See EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 512 (2014). But important differences do exist. If we treat a requirement as jurisdictional, we must ensure that a party meets the requirement even if the opposing party does not dispute it. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *cf. Bowles v. Russell*, 551 U.S. 205, 213 (2007). If we treat a requirement as non-jurisdictional, by contrast, we need not raise the requirement on our own initiative and may invoke ordinary rules of forfeiture and waiver. *See EME Homer*, 572 U.S. at 511–12.

This case proves the importance of that distinction. The United States raises no claim that § 3742(a) limits our ability to consider Smithers's appeal. It has thus forfeited this claim. *See Fort Bend County*, 139 S. Ct. at 1848–49, 1852. So we need not decide whether § 3742(a) imposes any limits on a criminal defendant's appeal of the denial of a motion for a reduced sentence under the First Step Act. *See United States v. Allen*, 956 F.3d 355, 356–57 (6th Cir. 2020).

III

Our jurisdiction secure under § 1291, we turn to the merits. In *Foreman*, we suggested that discretionary denials of relief under the First Step Act "could presumably . . . be reviewed for abuse of discretion." 2020 WL 2204261, at *7 n.3. Because the government concedes that

we may do so in this case, we need not decide any questions about the scope of our review. Instead, as in another recent case, we "assume" that our review in this context resembles the reasonableness review that would apply to a sentence on direct appeal. *United States v. Lakento Smith*, __ F.3d __, 2020 WL 2190770, at *5 (6th Cir. May 6, 2020); *see also Marty Smith*, 2020 WL 2503261, at *2; *United States v. Woods*, 949 F.3d 934, 938 (6th Cir. 2020). Smithers has not shown that the district court committed an abuse of discretion.

Starting with a legal question, Smithers suggests that the district court mistakenly held that his status as a career offender under the Sentencing Guidelines disqualified him from First Step Act eligibility. Smithers is correct in one sense: A district court would legally err if it found that a defendant's career-offender status rendered the defendant ineligible for relief under the First Step Act. *See Beamus*, 943 F.3d at 791. But Smithers is wrong in the relevant sense: The district court in his case did not do that. To be sure, the probation office wrongly suggested that the court should deny Smithers relief because of his career-offender status. But the district court did not accept its logic. It instead said: "While [Smithers] is eligible for consideration of a reduced sentence under 18 U.S.C. § 3582(c)(1)(B), the Court finds that such is not warranted." The court denied relief as a discretionary matter, not a legal matter.

Smithers thus switches to arguing that the district court abused its discretion. He asserts that the First Step Act required the district court "to conduct a more in-depth review." Yet he offers few reasons why. Under our caselaw, the district court adequately explained its decision. *See Lakento Smith*, 2020 WL 2190770, at *5–6; *Butler*, 2020 WL 1074722, at *2; *Woods*, 949 F.3d at 938. The court reconsidered the sentencing factors in 18 U.S.C. § 3553(a), noting that the "sentence originally imposed remain[ed] sufficient and not greater than necessary." It highlighted that "the retroactive application of the Fair Sentencing Act [had] no impact on the original sentencing range," which remained between 262 and 327 months. *Cf. Marty Smith*, 2020 WL 2503261, at *3. And it reiterated Smithers's lengthy criminal history, which had already led the court to reject Smithers's request for a sentence below his guidelines range at his original sentencing. Its analysis adequately conveyed to Smithers why his sentence remained the same. *Cf. Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018).

In response, Smithers claims that the district court wrongly failed to consider his post-sentencing conduct in prison. *See Pepper v. United States*, 562 U.S. 476, 490 (2011); *Allen*, 956 F.3d at 357. Smithers fails to explain how the district court was supposed to do so. He never asked the court to consider post-sentencing conduct, nor did he explain how the conduct would warrant a lower sentence. *Cf. United States v. Coles*, 586 F. App'x 98, 99–100 (3d Cir. 2014). Even on appeal, Smithers provides no basis for us to conclude that his post-sentencing conduct would justify a reduced sentence.

Smithers also argues that the district court did not expressly list specific reasons for refusing to reduce his term of supervised release from ten years (his minimum term at the time of his original sentencing) to eight years (his minimum term under the Fair Sentencing Act). But "[i]t is by now well settled that a district court generally need not expressly mention a sentencing argument or alternative, so long as the record as a whole shows that it considered the issue." *United States v. Garner*, 769 F. App'x 313, 315 (6th Cir. 2019). And the district court's reliance on Smithers's lengthy criminal history (including a probation violation) adequately shows why it stuck with his original supervised-release term. *See Foreman*, 2020 WL 2204261, at *8.

Smithers lastly argues that the district court should have held a full-blown resentencing hearing before denying him relief. But we have determined that "a sentence reduction authorized by the First Step Act and § 3582(c)(1)(B) does not require a de novo resentencing hearing." *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (order); *see Foreman*, 2020 WL 2204261, at *3–4; *see also United States v. Williams*, 943 F.3d 841, 843–44 (8th Cir. 2019). Smithers responds that the First Step Act at least *allows* a district court to conduct a plenary resentencing even if it does not *require* that resentencing. He may or may not be right. *Cf. United States v. Hegwood*, 934 F.3d 414, 415 (5th Cir. 2019). We need not consider the issue now. Even if district courts may do so, Smithers has offered no basis for concluding that the district court abused its discretion by failing to hold a hearing in his case.

We affirm.