NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0170n.06
Case No. 21-5760

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 18, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| SHANE JEFFERSON BEGLEY, | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) ) | |
| | ) | OPINION |
| | ) | |

Before: GIBBONS, BUSH, and MATHIS, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Through 18 U.S.C. § 3582(c)(2), Congress created a narrow exception authorizing district courts to modify otherwise final sentences. Shane Begley sought a sentence reduction under this statute, which the district court denied. Begley appealed, alleging that his sentence was imposed in "violation of law" and that his sentence is unreasonable. Ordinarily, our precedent under 18 U.S.C. § 3742(a)(1) bars review for reasonableness. But the government waived § 3742(a) on appeal, so we assume that this court may review Begley's sentence for procedural and substantive reasonableness. All the same, we find that Begley's sentence is reasonable and therefore affirm.

**I.**

For several months in 2012, Begley led a substantial drug trafficking conspiracy that involved five people, thirty-five road trips to Georgia, and several kilograms of methamphetamine. Police caught on, and in 2013 Begley pleaded guilty to conspiring to distribute 500 grams or more

of a mixture containing methamphetamine, though in his plea agreement, he took responsibility for distributing between 1.5 kilograms and 5 kilograms.

Under the 2012 United States Sentencing Guidelines, Begley had a base offense level of 34, a four-level enhancement for his role as the organizer of the conspiracy, and a three-level reduction for accepting responsibility. U.S.S.G. §§ 2D1.1(c)(3), 3B1.1(a), 3E1.1 (2012). This left Begley with a total offense level of 35 and a category III criminal history, which generated a Guidelines sentencing range of 210–262 months. The district court sentenced Begley to 240 months' imprisonment plus eight years of supervised release. Begley appealed his sentence, but a panel of this court affirmed. *United States v. Begley*, 602 F. App'x 622, 625–26 (6th Cir. 2015).

Recently, Begley sought a sentence reduction under 18 U.S.C. § 3582(c)(2) based on an amendment to the Guidelines that lowered his base offense level by two. *See* U.S.S.G. app. C, amend. 782. This reduced his total offense level to 33 and decreased his Guidelines range to 168–210 months. Though the district court agreed that Begley is eligible for a sentence reduction, it denied his request, reasoning that the nature of Begley's offense, his lack of respect for the law, and the need to protect the public all counseled against a sentence reduction. Begley timely appealed.

## II.

The district court's rejection of Begley's sentence reduction motion is a final decision that we have jurisdiction to review under 28 U.S.C. § 1291. *See United States v. Marshall*, 954 F.3d 823, 829 (6th Cir. 2020); *see also United Sates v. Smithers*, 960 F.3d 339, 343 (6th Cir. 2020).

Although we have jurisdiction over Begley's appeal, 18 U.S.C. § 3742(a) ordinarily limits the relief we can provide for appeals under 18 U.S.C. § 3582(c)(2). *See United States v. Bowers*, 615 F.3d 715, 727–28 (6th Cir. 2010); *Smithers*, 960 F.3d at 344. Section 3742(a) was enacted to

"serve as 'the exclusive avenue through which a party can appeal a sentence.'" *Marshall*, 954 F.3d at 825 (quoting *Bowers*, 615 F.3d at 719). Accordingly, it describes only four sentencing errors that a defendant may challenge on appeal, including, but not limited to, sentences "imposed in violation of law." *See* 18 U.S.C. § 3742(a)(1). But allegations of procedural and substantive unreasonableness in § 3582(c)(2) appeals are not "violation[s] of law" within the scope of § 3742(a)(1). *Bowers*, 615 F.3d at 727. Nor does a district court's refusal to reduce an eligible defendant's sentence under § 3582(c)(2) "impose" a sentence so as to be reviewable under § 3742(a)(1). *See Marshall*, 954 F.3d at 829–30. Yet we have recently clarified that § 3742(a) is a mandatory claim-processing rule rather than a statutory limit on our jurisdiction and, as such, it is freely waivable and forfeitable by the government. 954 F.3d at 826–27. And here, the government has explicitly waived § 3742(a).

We have not yet had the opportunity to consider the effect of a § 3742(a) waiver in the context of § 3582(c)(2) appeals, but we assume that the government's waiver authorizes us to review Begley's sentence for procedural and substantive reasonableness under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Smith*, 958 F.3d 494, 500 (6th Cir. 2020). This conclusion reflects both our own practice and Supreme Court guidance. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (assuming without deciding that the same standards in *Gall* apply to review of § 3582(c)(2) proceedings); *see also Smithers*, 960 F.3d at 344 (when § 3742(a) was not raised by the government, the court assumed that reasonableness review would apply); *United States v. Chambliss*, 398 F. App'x 142, 143–44 (6th Cir. 2010) (reviewing an above-Guidelines sentence appealed through § 3742(a)(3) for procedural and substantive reasonableness). In doing so we

review de novo the court's legal conclusions and its findings of fact for clear error. *See United States v. Cunningham*, 669 F.3d 723, 728 (6th Cir. 2012).

### III.

Turning to the merits, all agree that Begley is eligible for a sentence modification under 18 U.S.C. § 3582(c)(2). But this "congressional act of lenity" does not automatically entitle a defendant to a sentence reduction. *Dillon v. United States*, 560 U.S. 817, 828 (2010); *see United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). Indeed, the district court retains substantial discretion to decide whether a sentence reduction is warranted, and we will reverse only if that decision amounts to an abuse of discretion. *See United States v. Webb*, 760 F.3d 513, 517 (6th Cir. 2014). So if we are not "firmly convinced [by Begley] that a mistake has been made," then we must affirm. *Id.* (quoting *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009)); *see also United States v. Peters*, 823 F. App'x 379, 384 (6th Cir. 2020) (defendant bears the burden of proving that his sentence is procedurally or substantively unreasonable).

In this case, Begley claims that his sentence is both procedurally and substantively unreasonable. Procedural reasonableness is a limited inquiry; we ask only whether the district court committed a "significant procedural error," such as disregarding factors under 18 U.S.C. § 3553(a), failing to adequately explain a chosen sentence, or basing a sentence on clearly erroneous facts. *Gall*, 552 U.S. at 51. If we find no error, then we turn to Begley's substantive reasonableness challenge and ask whether his sentence is too long. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

A. Procedural Reasonableness

Begley claims that the district court misused data about recidivism rates by denying his motion based on a "clearly erroneous" 63.3% recidivism statistic for offenders with a level III

criminal history. In his motion for a sentence reduction, Begley encouraged the district court to consider various data suggesting that his age and other traits make him unlikely to recidivate if released. But citing the same study Begley relied on, the district court explained that "the likelihood of recidivism involves consideration of a host of factors . . . . While older individuals are less likely to commit new offenses . . . those in Criminal History Category III have a 63.3% re-arrest rate."

To succeed in this challenge, Begley must show that (1) the challenged evidence is materially false or unreliable, and (2) it "actually served as the basis for the sentence." *United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (quoting *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir. 1990)). Begley acknowledges that the 63.3% recidivism "statistic, standing alone, may be accurate," but argues that it is materially unreliable because it does not provide an accurate cross-sectional representation of his recidivism risk. As to this alleged factual error, we ask whether the information was "an important factor in determining the sentence" and whether "the sentence might have been different in the absence of that information." *Id.* at 518 (cleaned up) (quoting *United States v. Wilson*, 614 F.3d 219, 224 n.3 (6th Cir. 2010)); *see also United States v. Singleton¸* 854 F. App'x 32, 34 (6th Cir. 2021).

Start with the first prong—material unreliability. Begley does not allege that the district court misquoted the statistic, that the level III criminal history assigned to him was inaccurate, or that the methodology of the study was compromised. *See, e.g.*, *Cunningham*, 669 F.3d at 730 (affirming district court despite its use of a statistic that was not clearly applicable to the defendant); *Adams*, 873 F.3d at 519 (reversing when the district court relied on "unsubstantiated" government assertion of scientific fact to sentence the defendant); *United States v. Butler*, No. 21-5589, 2022 WL 1132891, at *2 (6th Cir. Apr. 18, 2022) (involving a mistaken statistic). Rather,

he introduces various statistics that he claims contravene the 63.3% figure cited by the district court and show that his recidivism rate is lower than the 63.3% figure might suggest. As it turns out, the same study found that men have a 52.2% recidivism rate, white people have a 41.7% recidivism rate, and people between the ages of 51 and 60 have a 24.7% recidivism rate. *See* U.S. Sent'g Comm'n, *Recidivism Among Federal Offenders: A Comprehensive Overview* 24, app. A-1 (2016), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf.

Begley would have preferred that the district court rely on any of these lower figures, but the existence of more favorable data does not make the criminal history statistic materially unreliable. *See, e.g.*, *Cunningham*, 669 F.3d at 730 (district court's use of statistics for offenses the defendant had not committed did not show that the district court relied on clearly erroneous facts to impose its sentence). Nor was the district court required to find or cite all other arguably relevant statistics—disclosed or undisclosed by the defendant—to make the criminal history statistic reliable. *See id.* Simply put, the district court was entitled to rely on the recidivism rate for people in the aggregate rather than give Begley the benefit of statistics that pertain to race, sex, or age. In fact, such particular reliance on statistics runs the risk of sentencing based on discriminatory stereotypes.

Begley argues that the recidivism statistic is materially unreliable because the district court used the challenged statistic to "conclude[] that [Begley] had a 63.3% re-arrest rate." Perhaps this could make the statistic materially unreliable, but Begley overstates the district court's reliance on this figure. The district court explained that recidivism rates "involve[] consideration of a host of factors," including an individual's criminal history classification—a far cry from a numerical calculation of Begley's exact recidivism rate.

But the second prong is a larger problem for Begley: nothing in the record suggests that "his sentence may have been different in [the statistic's] absence." *Adams*, 873 F.3d at 518. To the contrary, the district court explained that recidivism rates involve many factors, and that recidivism was only one of several factors that the court considered. Indeed, the district court was much more concerned with the serious nature of Begley's underlying offense and that his prior conduct "reflect[ed] a lack of respect for the law." These considerations led the district court to conclude "that 240 months' imprisonment [i]s minimally sufficient to satisfy the factors set forth in [18 U.S.C.] § 3553(a)." *See United States v. Majors*, 852 F. App'x 956, 962 (6th Cir. 2021). The district court's insistence that Begley's original sentence was and remains "minimally sufficient" underscores the implausibility of Begley's assertion that his sentence would have been different but for the district court's use of the challenged statistic. *See Adams*, 873 F.3d at 518**.** The district court did not abuse its discretion, so there is no procedural justification for remanding the case for resentencing.[1]

### B. Substantive Reasonableness

The relevant question for a substantive reasonableness claim is whether the sentence is "'reasonable' or whether the [district court] instead 'abused [its] discretion in determining that the § 3553(a) factors supported' the sentence imposed." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020) (quoting *Gall*, 552 U.S. at 56). A sentence is reasonable "if it is proportionate

---

[1] Begley separately alleges that the district court's use of the criminal history statistic violated his Fifth Amendment right to due process, but this duplicative claimed error falls within the category of "significant procedural error[s]" that we review for reasonableness. *See Gall*, 552 U.S. at 51. So we construe this claim as a procedural reasonableness challenge that fails for the reasons discussed above. *See United States v. Vestal*, 716 F. App'x 512, 513 (6th Cir. 2017) (per curiam) (explaining that an allegation that the district court considered information in denying a § 3582(c)(2) motion that violated petitioners' due process rights was a "violation of law" under § 3742(a)(1) and reviewed for abuse of discretion); *see also United States v. Cashin*, 822 F. App'x 378, 380 (6th Cir. 2020) (construing defendant's claims on appeal as challenging the procedural reasonableness of his sentence); *United States v. Reid*, 888 F.3d 256, 258 (6th Cir. 2018) (same).

to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Bailey*, 27 F.4th 1210, 1215 (6th Cir. 2022) (quoting *United States v. Moon*, 808 F.3d 1085, 1090 (6th Cir. 2015)). Whether or not the panel would impose the same sentence, the district court is entitled to "considerable deference," making substantive reasonableness claims "an uphill climb." *United States v. Faulkner*, 926 F.3d 266, 273 (6th Cir. 2019).

In this case, Begley argues that the district court placed too much weight on his criminal history and need for deterrence and that, as a result, the district court failed to justify its decision to maintain a sentence 30 months above the Guidelines range. Placing too much weight on any of the § 3553(a) factors can be an abuse of discretion. *United States v. Richardson*, 960 F.3d 761, 765 (6th Cir. 2020). But how much weight a judge gives each of the factors is "a matter of reasoned discretion," to which we are "highly deferential." *Rayyan*, 885 F.3d at 442. And where, as here, the district court explicitly or implicitly considered and weighed all the pertinent § 3553(a) factors, "a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *Peters*, 823 F. App'x at 384 (quoting *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013)).

A sentence outside the Guidelines range like Begley's "is not per se or even presumptively unreasonable." *United States v. Boucher*, 937 F.3d 702, 708 (6th Cir. 2019). But a district court must "consider the extent of the deviation to ensure that the justification is sufficiently compelling to support the degree of variance." *Gall*, 552 U.S. at 50. In this case, Begley claims that the district court has not met its burden because it based his upward variance on his criminal history. Courts may consider an individual's criminal history under § 3553(a), but it is already included in the Guidelines calculation, so we have looked for a "uniquely problematic history" or "some

meaningful relationship between the offense of conviction and the defendant's alleged likelihood of reoffending" if an upward variance is based on criminal history alone. *See United States v. Lee*, 974 F.3d 670, 677 (6th Cir. 2020). In Begley's case, the district court was concerned by his decision to "abscond[] from supervision" after receiving a "very lenient sentence" for another drug offense. This history "reflect[ed] a lack of respect for the law" and made "protecting the public from the defendant's possible/probable future crimes . . . of paramount concern in this case." *See United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011) (a district court may assign additional weight to a factor "so long as the court explains why the circumstance warrants additional weight"); *see also United States v. Robinson*, 814 F. App'x 997, 1000 (6th Cir. 2020).

But Begley's criminal history was not the only reason that the district court maintained his sentence; the serious nature of his crime and the need to protect the public also featured prominently.[2] *See United States v. Sims*, 800 F. App'x 383, 386 (6th Cir. 2020) (finding no abuse of discretion when the district court provided several reasons justifying its roughly 50% upward variance); *United States v. Harris*, 817 F. App'x 116, 119 (6th Cir. 2020) (same). The court first explained that Begley's crime was "very serious" and involved "distributing between 1.5 kilograms and 5 kilograms of methamphetamine" in the "communities where the defendant's crimes occurred and where he has stated he will live once released." This was such a significant concern that the district court noted, "[q]uite frankly, if I chose not to impose at least eight years of supervision, I would be looking at a longer sentence because I believe it [is] necessary to provide . . . protection to the public." And the eight years of supervision was necessary along with the "minimum sentence" of 240 months incarceration. *See also United States v. Stevenson*, 332 F.

---

[2] Because a § 3582(c)(2) motion is not a plenary resentencing, we also "need not turn a blind eye to what the judge said at petitioner's initial sentencing." *See Chavez-Meza*, 138 S. Ct. 1967.

App'x 261, 262 (6th Cir. 2009) (upholding a district court's rejection of an eligible defendant's §

3582(c)(2) motion based on public safety concerns); *United States v. Lucas*, 636 F. App'x 296,

300 (6th Cir. 2016) (same)**.** The seriousness of Begley's underlying offense, his uncertain

likelihood of recidivism, and his history of "lack of respect for the law" all supported this less than

15% upward variance. *See United States v. McBee*, 812 F. App'x 318, 323 (6th Cir. 2020). No

doubt, the court could have weighed the factors differently, but that alone does not create a

"definite and firm conviction that the district court committed a clear error of judgment." *Sims*,

800 F. App'x at 386 (quoting *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505 (6th Cir. 2013)); *see*

*Rayyan*, 885 F.3d at 442.

Finally, Begley argues that the district court abused its discretion by placing too little

weight on the need to avoid unwarranted sentencing disparities. The district court considered this

factor but noted that "because sentencing is truly individual" it was "not persuaded" that Begley's

sentence was an unwarranted sentencing disparity. *See United States v. Phinazee*, 515 F.3d 511,

520 (6th Cir. 2008) (noting that only "unwarranted" sentencing disparities should be avoided, "not

those that are warranted"). Though Begley may have preferred that the district court weigh this

factor more heavily, the district court explained why the § 3553(a) factors supported his original

sentence, and it was not required to provide more expansive explanation for this factor alone. *See,*

*e.g.*, *Curry*, 606 F.3d at 331. Begley's argument boils down to the proposition that "the sentencing

judge should have weighed the circumstances differently," which does not amount to abuse of

discretion. *United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008); *see also Peters*, 823 F.

App'x at 385.

**IV.**

For all these reasons we AFFIRM the district court's judgment.