NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0278n.06

Case No. 21-5805

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff - Appellee, | ) | Jun 15, 2023 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
|  | ) |  |
|  | ) |  |
| NORMAN LEE HARRIS, | ) |  |
| Defendant - Appellant. | ) | OPINION |
|  | ) |  |

Before: GIBBONS, LARSEN, and MURPHY, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Norman Harris was sentenced to 360 months' imprisonment for possession with intent to distribute crack cocaine and possessing a firearm as a felon. After Harris was released from federal custody, he unsuccessfully sought to reduce his supervised release term. Harris later moved to terminate his supervised release, but the district court denied the motion, based on its belief that Harris's supervised release could not be reduced below the statutory minimum term. Harris appeals. Although the district court's understanding of its legal authority was incorrect, Harris lacks a statutory basis to appeal. We therefore dismiss Harris's appeal.

I.

In 2000, a jury convicted Norman Harris of possessing with intent to distribute crack cocaine and possessing a firearm as a felon. Harris received a sentence of 360 months' imprisonment. In 2020, Harris sought relief under the First Step Act, and the district court reduced his sentence to 262 months' imprisonment with six years of supervised release to follow.

Harris then moved to reduce his term of supervised release. The district court denied the motion, noting that under 21 U.S.C. § 841(b)(1)(C), defendants with a prior felony drug offense conviction are subject to a six-year minimum term. Thus, the district court concluded that it lacked "the authority to reduce defendant's term of supervised release to less than [ ] six years." DE 278, Order, Page ID 453.

In 2021, Harris again sought to modify his sentence, this time moving to terminate his supervised release, but the district court denied the motion. In its order, the district court referred to its earlier explanation that the six-year statutory minimum term precluded the relief that Harris sought. Harris appeals.

II.

We begin by acknowledging the error in the district court's analysis of Harris's motion to terminate his supervised release. The district court believed that it did not have the authority to terminate Harris's supervised release because he was subject to a six-year mandatory minimum term. A district court, however, may terminate a term of supervised release "after the expiration of one year" if the court, considering the 18 U.S.C. § 3553(a) factors, "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). A district court may terminate a term of supervised release after one year under § 3583(e)(1) "even if the defendant was sentenced to a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a)." *United States v. Spinelle*, 41 F.3d 1056, 1060–61 (6th Cir. 1994). Thus, despite its belief otherwise, the district court had the authority to terminate Harris's supervised release.

III.

Despite the district court's error, we are not empowered to grant the relief that Harris seeks. Courts of appeals have jurisdiction over "all final decisions" of the district courts. 28 U.S.C. § 1291. A criminal case becomes "final" when a defendant has been convicted and the court imposes a sentence. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). Thus, these general rules suggest that we have jurisdiction over the district court's order in this case.

But the Sentencing Reform Act of 1984, which specifically addresses criminal sentences, permits a defendant to file a notice of appeal "for review of an otherwise final sentence" in only four circumstances. 18 U.S.C. § 3742(a). A defendant may appeal his or her sentence if it:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). Although § 3742(a) does not affect our subject matter jurisdiction over Harris's appeal, it is a mandatory claim-processing rule with which Harris must comply. *United States v. Marshall*, 954 F.3d 823, 825–29 (6th Cir. 2020). Thus, we may consider Harris's appeal only if it falls within one of those four circumstances.

Ostensibly, Harris believes that his appeal is authorized under § 3742(a)(1) because his sentence "was imposed in violation of law," based on the district court's legally flawed analysis. But "imposed" refers only to "sentencing a defendant to punishment." *Marshall*, 954 F.3d at 830.

The district court's denial of Harris's motion to terminate his supervised relief did not "impose" a sentence; it simply denied modification of an already-imposed sentence. *Id.* ("Nor may we treat the district court's decision to deny [a] request for termination of . . . supervised release as re-imposing [the] sentence."). Even more problematically for Harris, the district court declined to terminate his supervised release, and the denial of a request to modify or terminate a sentence does not "impose" a sentence even if granting such a request would. *Id.* (citing *United States v. Doe*, 932 F.3d 279, 281 (5th Cir. 2019) ("When the district court denies a [sentence reduction] motion, it does not impose[ ] a sentence; it declines to impose[ ] one.") (alterations in original)).

The government urges us to dismiss Harris's appeal based on the restrictions laid out in § 3742(a), and courts "must enforce a mandatory claims-processing rule . . . whenever a party properly invokes the rule." *United States v. Smithers*, 960 F.3d 339, 344 (6th Cir. 2020). Accordingly, we cannot provide Harris relief.

IV.

We dismiss Harris's appeal.