RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 24a0226p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 24-5170

EDGAR LERMA FLORES,

*Defendant-Appellant.*

Appeal from the United States District Court for the Eastern District of Kentucky at Lexington.
No. 5:15-cr-00050-6—Danny C. Reeves, Chief District Judge.

Decided and Filed: October 4, 2024

Before: READLER, MURPHY, and DAVIS, Circuit Judges.

_____

## COUNSEL

**ON MOTION TO DISMISS:** Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee. **IN RESPONSE AND ON BRIEF:** Edgar Lerma Flores, Coleman, Florida, pro se.

_____

## ORDER

_____

This matter is before the court upon the government's motion to dismiss for lack of jurisdiction.

Edgar Lerma Flores pleaded guilty to conspiracy to distribute cocaine and methamphetamine and was sentenced in 2016 to 300 months of imprisonment. This court affirmed Flores's sentence in 2018 and Flores's subsequent attempts to obtain post-conviction relief were unsuccessful. Then, in 2023, Amendment 821 became effective and eliminated

"status points" for certain offenders.  Pursuant to General Order No. 23-21, the district court sua sponte reviewed Flores's eligibility for a sentence reduction.  On February 14, 2024, the district court issued a "Notice and Order" detailing its findings and informing Flores that the court "does not intend to reduce [his] previously imposed term of incarceration."  Flores has filed a notice of appeal.  The government moves to dismiss the appeal, asserting that the district court's Notice is not a final and appealable order.  Flores has filed a response in which he argues that his notice of appeal was timely filed.  His response does not, however, address the appealability of the February 14, 2024, Notice.

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."  28 U.S.C. § 1291.  All decisions in a criminal case typically "become[] 'final' when a defendant has been convicted and the court has imposed a sentence." *United States v. Smithers*, 960 F.3d 339, 343 (6th Cir. 2020) (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)).  Flores's case itself has thus long been final.

Yet this appeal concerns *post-judgment* proceedings about whether to reduce a sentence.  In the context of those proceedings, courts generally hold that a district court has not issued a final decision until it "completely dispose[s] of the post-judgment matter at issue."  *Id.*; *see JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1106 (6th Cir. 2019).  Thus, an "appeal is not appropriate if the court merely postpones action on" a request for a reduced sentence. 15B Charles A. Wright, et al., *Federal Practice & Procedure* § 3918.6 (2d ed. 2024).  But once the court issues an "order resolving a defendant's motion for a reduced sentence," courts generally treat that order "as final and appealable under § 1291."  *Smithers*, 960 F.3d at 343.

The February 14, 2024, Notice is not a final appealable decision under this framework.  Although the Notice suggests that the district court would deny a motion for a sentence reduction, no such motion had yet been filed or adjudicated.  And the record reflects that the district court contemplated further proceedings.  For example, when Flores moved to proceed in forma pauperis on appeal, the district court denied the motion as unnecessary, explaining that, although Flores stated that he wished to appeal the district court's denial of his sentence-reduction motion, Flores had not filed such a motion and the court had not "entered an appealable Order or Judgment denying him such relief." The court reiterated later in the order

that its sua sponte consideration of a sentence reduction resulted in a "Notice" rather than an "Order"—which was not an adjudication—and did not preclude Flores from filing a motion for relief under Amendment 821. Because the Notice had not "completely disposed of the post-judgment matter at issue" (the question whether to grant Flores a sentence reduction), it did not qualify as a "final decision" under § 1291. *Smithers*, 960 F.3d at 343.

We acknowledge that the district court's practice of sua sponte considering eligibility for sentence reductions may cause confusion for pro se litigants. In this case, however, after the district court denied Flores's motion to proceed in forma pauperis on appeal, Flores filed a motion for a sentence reduction under Amendment 821 that recognized the district court's explanation that the prior Notice had not resolved the matter. But the district court denied the motion on April 26, 2024, and Flores did not appeal that decision.

For the foregoing reasons, we **GRANT** the government's motion to dismiss and **DISMISS** the appeal for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk