NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0001n.06

Case No. 24-5528

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jan 03, 2025

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JEFFREY LEE JUSTICE, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; KETHLEDGE and MURPHY, Circuit Judges.

SUTTON, Chief Judge. Jeffrey Lee Justice moved to reduce his sentence after the Sentencing Commission retroactively amended the Guidelines. The district court denied his motion. Because it did not abuse its discretion in doing so, we affirm.

In 2016, Justice responded to a Craigslist "personals" ad created by an undercover Kentucky law enforcement officer. After some back-and-forth emailing and text messaging, the officer told Justice that he took care of two girls, ages eight and fourteen. Justice asked to engage in sexual acts with the girls. The officer agreed, and they arranged to meet at a gas station in Louisville. Justice drove from his home in Indiana to the gas station, where law enforcement officers arrested him.

A federal grand jury indicted Justice on two counts. Count One charged him with crossing state lines to have sex with a child under twelve. *See* 18 U.S.C. § 2241(c). Count Two charged him with crossing state lines to have sex with a minor. *See id.* § 2423(b).

Justice and the government reached a plea agreement under Criminal Rule 11(c)(1)(C), which requires the court to impose the parties' agreed-to sentence if it accepts the plea agreement. Justice agreed to plead guilty to Count Two, which carried a 30-year statutory maximum. In exchange, the government agreed to dismiss Count One, sparing Justice the 30-year statutory minimum under that count. They settled on a sentence of 240 months (20 years) in prison, five months above the Guidelines range of 188 to 235 months.

In 2018, the district court accepted the plea agreement and imposed a 240-month sentence, finding it appropriate under the relevant sentencing factors identified in 18 U.S.C. § 3553(a).

In 2023, the Sentencing Commission retroactively amended one of the criminal-history Guidelines. *See* U.S. Sentencing Comm'n, Guidelines Manual App. C., Amdt. 821 (Part A) (Nov. 2023); U.S.S.G. § 1B1.10(d), (e)(2) & cmt. 7. Under the amendment, defendants no longer receive two criminal-history points for committing an offense while serving another sentence. They instead receive one point if they already have at least seven points and no points if they have six or fewer. U.S.S.G. § 4A1.1(e) (2023).

Had this amendment been in effect in 2018, it would have lowered Justice's Guidelines range. Justice traveled to have sex with a child while on probation for another conviction. Under the Guidelines in effect at his sentencing, he received two points on top of the six he already had from past convictions. U.S.S.G. § 4A1.1(d) (2018). But under the amended Guidelines, he would have received no additional points and would have faced a lower Guidelines range of 168 to 210 months.

Justice relied on this change to move for a sentencing reduction, as federal law permits. *See* 18 U.S.C. § 3582(c)(2). He asked for a 215-month sentence, which would have left in place the same five-month variance above the amended Guidelines range that the district court originally imposed. After acknowledging Justice's eligibility for a reduction, the district court denied Justice's motion, leaving his 240-month prison sentence in place. This appeal followed.

District courts follow two steps in deciding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). They first ask whether a retroactive Guidelines amendment lowered the defendant's Guidelines range. *Id.* at 826; U.S.S.G. § 1B1.10. If it did, the defendant is eligible for a sentence reduction. *Dillon*, 560 U.S. at 826. The court then must consider whether the § 3553(a) factors justify reducing the defendant's sentence and whether doing so would endanger the public. *Id.* at 827–28; U.S.S.G. § 1B1.10 cmt. 1(B)(i)–(ii). In making this decision, the court may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. 1(B)(iii). We review the district court's decision for abuse of discretion and apply a form of reasonableness review that resembles our review of sentences on direct appeal. *See Chavez-Meza v. United States*, 585 U.S. 109, 115 (2018); *United States v. Curry*, 606 F.3d 323, 331 (6th Cir. 2010); *cf. United States v. Smithers*, 960 F.3d 339, 344 (6th Cir. 2020).

The district court did not abuse its discretion in denying Justice's motion for a reduced sentence. The court correctly determined that Justice was eligible for a reduced sentence, calculated Justice's new Guidelines range, and stated that it had considered the parties' arguments, the § 3553(a) factors, and public safety. The court observed that Justice "traveled with the expectation that he would meet children for sexual contact" and found that the "nature and circumstances" of this conduct "are troubling." R.66 at 1. It also determined that a reduced sentence "would fail appropriately to protect the public from further crimes of the defendant."

R.66 at 1. Justice's conviction, as "context and the record" established, followed nearly three decades of criminal activity and several other convictions for criminal recklessness, disorderly conduct, intimidation, invading privacy, possessing drugs, and firing a gun into a dwelling. *Chavez-Meza*, 585 U.S. at 117 (quotation omitted). The court also emphasized the significant benefit that Justice had received from the dismissal of Count One, which carried a 30-year mandatory minimum sentence. On this record, the court reasonably concluded, and adequately explained, that the § 3553(a) factors and public safety did not justify reducing Justice's sentence.

Justice counters that the court did not adequately explain its decision because it did not "thorough[ly] analy[ze]" each § 3553(a) factor in its two-page order—what Justice fairly labels a filled-in "form" order. Appellant's Br. 16. But, as in many things, form follows function. The function of the federal courts' sentencing reduction authority is not to start anew. It is to allow courts to adjust a sentence after the fact due to reductions in the Guidelines *and* due to proof that the defendant would not otherwise be a threat to the public safety. We have previously upheld similar filled-in form orders where, as here, the court considered the parties' arguments and offered a "reasoned basis" for its decision. *Chavez-Meza*, 585 U.S. at 118 (quotation omitted); *see, e.g.*, *United States v. Harvey*, 996 F.3d 310, 314–15 (6th Cir. 2021) (per curiam); *United States v. Navarro*, 986 F.3d 668, 671 (6th Cir. 2021); *Curry*, 606 F.3d at 331. The court met that modest obligation here.

Justice claims that the district court should not have considered the benefits he received from his plea agreement. But that is mistaken. "The district court can consider the benefits the defendant gained by entering a Type–C agreement when it decides whether a reduction is appropriate." *Hughes v. United States*, 584 U.S. 675, 689 (2018).

Justice faults the court for concluding that he poses a danger to the public. The court, he says, overlooked that he has received only one infraction in his six years in prison and that the conditions on his supervised release would provide adequate safeguards. Even so, the court acted within its discretion in concluding that his criminal conduct and criminal history, including his prior conviction for shooting into a dwelling, indicate that he would endanger the public if released sooner.

Justice argues that, through it all, the court has left him with an unduly long sentence. But the court reasonably concluded that Justice's 240-month sentence remained appropriate given the benefits he received from his plea agreement, the need to protect the public, the serious nature of his offense, and the other § 3553(a) factors.

We affirm.